# A. FERNANDEZ & COMPANY
*v.*
# JOSÉ POU CARRERAS.

---

OPINION ON PETITION FOR A WRIT OF POSSESSION.

Rule 21 of this court, providing for a hearing after notice, either in term time or vacation, of the right of the purchaser to the possession of real estate sold under execution, applies only to this court, and, in the absence of statutory provision or rule of the late provisional court, should not be applied to sales under judgments of that court.

June 19, 1901.

---

HOLT, Judge, delivered the following opinion:

The plaintiffs presented their petition for a writ of possession herein; also the affidavit of Guillermo Fernandez; also their notice of a motion for said writ for this day executed upon the defendant on June 3d, 1901; and said motion is now made by their attorney, C. M. Boerman, Esq., and all the said papers are now ordered to be filed. It appears that the plaintiffs obtained a judgment at law in the provisional court. They sued out an execution, and it was levied on certain real estate, and bought by them at the sale made by the marshal of said court. A deed was made to them by him. This proceeding is based upon the ground that this court is the successor of the provisional court, and takes jurisdiction of all cases and proceedings thereof that were pending when it was discontinued. It, however, had no rule authorizing a proceeding like this, and

there is no statute applicable to such a case.  It is not shown that it was the practice of said provisional court to grant relief as now asked.   A writ of assistance would not be proper, as it belongs to equity.   It issues out of chancery.   Rule 21 of this court is by its terms confined to a sale under a judgment at law or an execution from this court, and, in my opinion, should not be applied retrospectively.

Under this state of case this motion is overruled and petition dismissed at the cost of plaintiffs, but without prejudice to any further proceeding at law.